IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
ANDERSON DIVISION

| | |
|---|---|
| Robert Peoples, ) | |
| ) | Civil Action No. 8:07-1203-CMC-BHH |
| Plaintiff, ) | |
| ) | |
| v. ) | **Report and Recommendation** |
| ) | **of Magistrate Judge** |
| SCDC, et.al., ) | |
| ) | |
| Defendants. ) | |
| ) | |

The plaintiff, a prisoner proceeding *pro se*, seeks relief pursuant to Title 42, United States Code, Section 1983. This matter is before the Court on the plaintiff's motion for a preliminary injunction. (Docket Entry # 20).

Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Rule 73.02(B)(2)(d), D.S.C., this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the District Court.

The plaintiff brought this action on May 3, 2007, alleging a claim for civil rights violations. On July 16, 2007, he filed this motion for a preliminary injunction in which he alleges he has been denied "a felt tip pen and regular size writing paper" for 1½ months. (Mot. at 2.) He states alternatively he is being provided with a pencil and long sheets of paper which do not meet the court's approval for filing. He states that he borrowed regular paper and a pen to submit this pleading. (*Id.*) Citing *Bounds v. Smith* 430 U.S. 817 (1977), and *Lewis v. Casey*, 518 U.S. 343 (1996)(denial of access to court), the plaintiff contends

that he will be hindered in corresponding with the court if this motion is not granted.[1]

To obtain a preliminary injunction, a court must consider: (1) the plaintiff's irreparable injury if the interim relief is denied, (2) injury to the defendants if an injunction is issued, (3) the plaintiff's likelihood of success on the merits, and (4) the public interest. *Manning v. Hunt*, 119 F.3d 254, 263 (4th Cir. 1997). "[A] preliminary injunction is an extraordinary remedy, to be granted only if the moving party clearly establishes entitlement to the relief sought." *Federal Leasing, Inc. v. Underwriters at Lloyd's,* 650 F.2d 495, 499 (4th Cir. 1981). "[A]bsent the most extraordinary circumstances, federal courts are not to immerse themselves in the management of state prisons . . . ." *Taylor v. Freeman*, 34 F.3d 266, 268 (4th Cir. 1994). Further "[t]he harm demonstrated by the plaintiff must be neither remote nor speculative, but actual and imminent." *Manning*, 119 F.3d at 263 (internal quotation marks omitted).

Here, the plaintiff cannot demonstrate irreparable harm if his motion is denied. The plaintiff has failed to demonstrate that there is any likelihood of future harm, much less that such harm is actual and imminent. In fact, the plaintiff has filed numerous documents with the court since filing this motion which negate his allegation that he is being denied access to the courts or that his ability to litigate is being hindered in any way. Further, the plaintiff has "failed to make a sufficient showing of a likelihood of success on the merits."

---

[1] On August 2, 2007, the plaintiff filed an additional attachment to this motion which included a grievance regarding the plaintiff's denial of possession of law books while housed in SMU. (Docket Entry # 22.) The court has considered this attachment as well in reviewing the plaintiff's motion. However, it appears the plaintiff has not been denied access to the law library; he has been denied only the ability to possess law books. (*Id.*)

Wherefore, based on the foregoing, it is RECOMMENDED that the Plaintiff's Motion for a Preliminary Injunction (#20) be DENIED.

IT IS SO RECOMMENDED.

 s/Bruce Howe Hendricks
Bruce Howe Hendricks
United States Magistrate Judge

January 15, 2008
Greenville, South Carolina

**The plaintiff's attention is directed to the important notice on the next page.**

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Court Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  In the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must "only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation."  *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005).

Specific written objections must be filed within ten (10) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  The time calculation of this ten-day period excludes weekends and holidays and provides for an additional three (3) days for filing by mail.  Fed. R. Civ. P. 6(a) & (e).  Filing by mail pursuant to Fed. R. Civ. P. 5 may be accomplished by mailing objections to:

> Larry W. Propes, Clerk
> United States District Court
> P.O. Box 10768
> Greenville, South Carolina 29603

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985).